UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

KHALED RABBAH and
AMIRA RABBAH,

    Plaintiffs,　　　　　　　　　　DEMAND FOR JURY TRIAL

-vs-　　　　　　　　　　　　　　　　Case No.
　　　　　　　　　　　　　　　　　　Hon.

AMERICREDIT FINANCIAL SERVICES, INC.,

    Defendant.

## COMPLAINT & JURY DEMAND

### Jurisdiction

1. This Court has federal question jurisdiction as this case is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

2. This Court may take supplemental jurisdiction over any state law or common law claims set forth herein as all the claims in this lawsuit arise out of a common nucleus of operative fact.

### Venue

3. The transactions and occurrences which give rise to this action occurred in Wayne County.

4. Venue is proper in the Eastern District of Michigan.

## Parties

5. Khaled Rabbah resides in Canton, Michigan.

6. Khaled Rabbah is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

7. The Defendant to this action is AMERICREDIT FINANCIAL SERVICES, INC. ("GM FINANCIAL"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## General Factual Allegations

8. Khaled Rabbah discovered false, derogatory information on one or more of his consumer reports being reported by GM FINANCIAL ("GM FINANCIAL false information").

9. Mr. Rabbah disputed the GM FINANCIAL false information by transmitting actual notice of his dispute along with an adequate description and explanation to each of the major credit reporting agencies.

10. Mr. Rabbah requested that the credit reporting agencies reinvestigate and correct the GM FINANCIAL false information as envisioned by 15 U.S.C. § 1681i.

11. Mr. Rabbah's request for reinvestigation included sufficient information to provide actual notice that the GM FINANCIAL false information was inaccurate and the source of information was not reliable.

12. One or more credit reporting agencies responded to this dispute from Mr. Rabbah by requesting verification of the GM FINANCIAL false information from GM FINANCIAL.

13. GM FINANCIAL responded to the reinvestigation request by verifying the GM FINANCIAL false information.

14. GM FINANCIAL failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

15. As a result of GM FINANCIAL's willful failure to abide by 15 U.S.C. § 1681s-2(b), Khaled Rabbah has suffered and continues to suffer damages.

16. Amira Rabbah discovered false, derogatory information on one or more of her consumer reports being reported by GM FINANCIAL ("GM FINANCIAL false information").

17. Ms. Rabbah disputed the GM FINANCIAL false information by transmitting actual notice of her dispute along with an adequate description and explanation to each of the major credit reporting agencies.

18. Ms. Rabbah requested that the credit reporting agencies reinvestigate and correct the GM FINANCIAL false information as envisioned by 15 U.S.C. § 1681i.

19. Ms. Rabbah's request for reinvestigation included sufficient information to provide actual notice that the GM FINANCIAL false information was inaccurate and the source of information was not reliable.

20. One or more credit reporting agencies responded to this dispute from Ms. Rabbah by requesting verification of the GM FINANCIAL false information from GM FINANCIAL.

21. GM FINANCIAL responded to the reinvestigation request by verifying the GM FINANCIAL false information.

22. GM FINANCIAL failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

23. As a result of GM FINANCIAL's willful failure to abide by 15 U.S.C. § 1681s-2(b), Amira Rabbah has suffered and continues to suffer damages.

## COUNT I – Fair Credit Reporting Act

## (KHALED RABBAH/ GM FINANCIAL)

24. Mr. Rabbah incorporates the preceding allegations by reference.

25. GM FINANCIAL was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Rabbah through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

26. In the event that GM FINANCIAL was unable to verify the information which it had reported after a reasonable reinvestigation, GM FINANCIAL was required to advise the credit reporting agency of this fact.

27. GM FINANCIAL did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the GM FINANCIAL false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

28. GM FINANCIAL did not conduct a reasonable reinvestigation, and continued to report the GM FINANCIAL false information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

29. Following dispatch of notice directly to GM FINANCIAL, GM FINANCIAL reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

30. Following the dispatch of direct notice to GM FINANCIAL, GM FINANCIAL failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

31. GM FINANCIAL willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Rabbah's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

32. In the alternative, GM FINANCIAL negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

33. GM FINANCIAL willfully refused to properly reinvestigate the inaccuracies in Mr. Rabbah's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

34. In the alternative, GM FINANCIAL negligently failed to conduct a proper reinvestigation of Mr. Rabbah's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

35. Mr. Rabbah has suffered damages as a result of these violations of the FCRA.

## COUNT II – Intentional Infliction of Emotional Distress

### (KHALED RABBAH/ GM FINANCIAL)

36. Mr. Rabbah incorporates the preceding allegations by reference.

37. GM FINANCIAL's conduct in defaming the good name and credit of Mr. Rabbah constituted extreme and outrageous conduct.

38. GM FINANCIAL intentionally defamed the good name and credit of Mr. Rabbah, and did so with reckless disregard of the possible consequences to Mr. Rabbah.

39. GM FINANCIAL's conduct in defaming the good name and credit of Mr. Rabbah directly and proximately caused emotional distress to Mr. Rabbah.

40. Mr. Rabbah has suffered damages as a result of the conduct of GM FINANCIAL.

## COUNT III – Negligence

### (KHALED RABBAH/ GM FINANCIAL)

41. Mr. Rabbah incorporates the preceding allegations by reference.

42. GM FINANCIAL owed Mr. Rabbah a duty to refrain from unreasonable conduct which could foreseeably cause damage to Mr. Rabbah's person or property.

43. GM FINANCIAL's publication of false and inaccurate credit information on Mr. Rabbah's credit report was unreasonable.

44. Mr. Rabbah has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by GM FINANCIAL.

## COUNT IV– Negligence *Per Se*

## (KHALED RABBAH/ GM FINANCIAL)

45. Mr. Rabbah incorporates the preceding allegations by reference.

46. GM FINANCIAL's actions in publishing false and inaccurate credit information on Mr. Rabbah's credit report was in violation of express duties under the FCRA.

47. Those unreasonable actions were *per* se unreasonable.

48. Mr. Rabbah has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by GM FINANCIAL.

## COUNT IV – Defamation by Libel

## (KHALED RABBAH/ GM FINANCIAL)

49. Mr. Rabbah incorporates the preceding allegations by reference.

50. GM FINANCIAL's written publications of the trade lines on Mr. Rabbah's credit report were false and defamatory.

51. GM FINANCIAL's publications were not privileged communications.

52. GM FINANCIAL's publications of the trade lines on Mr. Rabbah's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

53. The statements were *per se* defamatory.

54. Mr. Rabbah has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

55. Mr. Rabbah has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT V – Malicious Statutory Libel

## (KHALED RABBAH/ GM FINANCIAL)

56. Mr. Rabbah incorporates the preceding allegations by reference.

57. The inaccurate credit information was published with malice or ill-will.

58. Mr. Rabbah has suffered damages as a result of this malicious libel by GM FINANCIAL in violation of M.C.L. § 600.2911.

59. Mr. Rabbah is entitled to actual and punitive damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT VI – Fair Credit Reporting Act

## (AMIRA RABBAH/ GM FINANCIAL)

60. Mr. Rabbah incorporates the preceding allegations by reference.

61. GM FINANCIAL was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Ms. Rabbah through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

62. In the event that GM FINANCIAL was unable to verify the information which it had reported after a reasonable reinvestigation, GM FINANCIAL was required to advise the credit reporting agency of this fact.

63. GM FINANCIAL did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the GM FINANCIAL false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

64. GM FINANCIAL did not conduct a reasonable reinvestigation, and continued to report the GM FINANCIAL false information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

65. Following dispatch of notice directly to GM FINANCIAL, GM FINANCIAL reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

66. Following the dispatch of direct notice to GM FINANCIAL, GM FINANCIAL failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

67. GM FINANCIAL willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Ms. Rabbah's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

68. In the alternative, GM FINANCIAL negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

69. GM FINANCIAL willfully refused to properly reinvestigate the inaccuracies in Ms. Rabbah's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

70. In the alternative, GM FINANCIAL negligently failed to conduct a proper reinvestigation of Ms. Rabbah's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

71. Ms. Rabbah has suffered damages as a result of these violations of the FCRA.

## COUNT VII – Intentional Infliction of Emotional Distress

## (AMIRA RABBAH/ GM FINANCIAL)

72. Ms. Rabbah incorporates the preceding allegations by reference.

73. GM FINANCIAL's conduct in defaming the good name and credit of Ms. Rabbah constituted extreme and outrageous conduct.

74. GM FINANCIAL intentionally defamed the good name and credit of Ms. Rabbah, and did so with reckless disregard of the possible consequences to Ms. Rabbah.

75. GM FINANCIAL's conduct in defaming the good name and credit of Ms. Rabbah directly and proximately caused emotional distress to Ms. Rabbah.

76. Ms. Rabbah has suffered damages as a result of the conduct of GM FINANCIAL.

## COUNT VIII – Negligence

## (AMIRA RABBAH/ GM FINANCIAL)

77. Ms. Rabbah incorporates the preceding allegations by reference.

78. GM FINANCIAL owed Ms. Rabbah a duty to refrain from unreasonable conduct which could foreseeably cause damage to Ms. Rabbah's person or property.

79. GM FINANCIAL's publication of false and inaccurate credit information on Ms. Rabbah's credit report was unreasonable.

80. Ms. Rabbah has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by GM FINANCIAL.

## COUNT IX– Negligence *Per Se*

### (AMIRA RABBAH/ GM FINANCIAL)

81. Ms. Rabbah incorporates the preceding allegations by reference.

82. GM FINANCIAL's actions in publishing false and inaccurate credit information on Ms. Rabbah's credit report was in violation of express duties under the FCRA.

83. Those unreasonable actions were *per* se unreasonable.

84. Ms. Rabbah has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by GM FINANCIAL.

## COUNT IX – Defamation by Libel

### (AMIRA RABBAH/ GM FINANCIAL)

85. Ms. Rabbah incorporates the preceding allegations by reference.

86. GM FINANCIAL's written publications of the trade lines on Ms. Rabbah's credit report were false and defamatory.

87. GM FINANCIAL's publications were not privileged communications.

88. GM FINANCIAL's publications of the trade lines on Ms. Rabbah's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

89. The statements were *per se* defamatory.

90. Ms. Rabbah has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

91. Ms. Rabbah has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT X – Malicious Statutory Libel

## (AMIRA RABBAH/ GM FINANCIAL)

92. Ms. Rabbah incorporates the preceding allegations by reference.

93. The inaccurate credit information was published with malice or ill-will.

94. Ms. Rabbah has suffered damages as a result of this malicious libel by GM FINANCIAL in violation of M.C.L. § 600.2911.

95. Ms. Rabbah is entitled to actual and punitive damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## Demand for Jury Trial

96. Plaintiffs demand trial by jury in this action.

**Demand For Judgment for Relief**

*ACCORDINGLY, Plaintiffs request that this Court:*

a.   *Assume jurisdiction over all claims;.*

b.   *Award actual damages.*

c.   *Award statutory damages.*

d.   *Award punitive damages.*

e.   *Award statutory costs and attorney fees.*

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

        By:   /s/ Adam G. Taub
              Adam G. Taub (P48703)
              Attorney for Plaintiffs
              17200 West 10 Mile Rd. Suite 200
              Southfield, MI 48075
              Phone:  (248) 746-3790
              Email:   adamgtaub@clgplc.net

Dated: October 4, 2023